## INTRODUCTION AND AGENT BACKGROUND

I, William Borgos-Velez, being first duly sworn, hereby depose and state as follows:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41 of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a warrant. I have participated in investigations relating to interference with commerce by robbery, use and carrying of firearms during and in relation to crimes of violence, other firearms crimes, controlled substance crimes, organized crime, violent gangs, and carjacking, among other federal violations. As part of my duties, I have also conducted or participated in electronic and physical surveillances, the execution of arrest warrants, search warrants, debriefings, and the utilization of informants.

2. I have received extensive training in the conduct of a variety of investigations. I am currently assigned to work in an assortment of criminal and national security matters, including the investigation of violent crimes and gangs, public corruption, criminal enterprises, drug trafficking organizations, and major offenses such as bank robberies, carjacking's and the apprehension of federal fugitives. In my experience, I have participated in a wide range of investigations. This experience has included receiving and analyzing

information, conducting interviews, collecting, and processing physical evidence, and preparing evidence for trial. The information contained herein was learned by me, or provided to me, by other law enforcement officers participating in this investigation.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of Affiant's knowledge about this matter. The facts set forth in this affidavit are based on Affiant's personal knowledge, knowledge obtained during his participation in this investigation, knowledge obtained from other investigators, his and other investigators' review of documents in relation to this investigation, communications with others, including individuals involved in the offenses under investigation who have personal knowledge of the events and circumstances described herein, and information gained through Affiant's training and experience. To the extent that this affidavit contains statements made by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim recitations, unless indicated otherwise.

## PROBABLE CAUSE

4. On January 30, 2025, at approximately 8:50 pm, PRPB Officers Flerin Albino-Acosta and Gerardo Castillo-Roldos were conducting a preventive patrol on Puerto Rico number 2 highway in Mayaguez, Puerto Rico. As part of their preventive patrol they were assigned a marked patrol vehicle, which had a license plate recognition camera (LPR camera) that showed the officers if a

vehicle had any type of lien. The system detected license plate number HXX-340 which belonged to a Mitsubishi Outlander with an expired registration sticker since 2022.

5. Officers proceeded to intervene with the Mitsubishi Outlander, ordering the driver, later identified as **Jose Medina Padilla,** to stop. The driver stopped the vehicle on Puerto Rico highway 2 kilometer 157.3. The officers approached the vehicle and requested the driver produce his driver's license and vehicle registration. Due to the officers' training and experience they noticed there was a strong smell of marihuana coming from inside of the vehicle. Therefore, Officer Albino-Acosta read the driver his Miranda rights and asked the driver if he had a medical cannabis license, but the driver stated that he did not. Officer Albino-Acosta asked the driver if he was using marihuana while driving a motor vehicle and the driver handed the officer a marihuana cigarette. Officer Albino-Acosta then asked the driver if there was anything else illegal in the vehicle or in his possession. The driver indicated that he did not and started opening the compartments of the vehicle. While opening the center console the officer noticed that there was a bag containing what appeared to be marihuana. Therefore, the Officer ordered the driver out of his vehicle and placed the driver under arrest.

6. Officer Albino-Acosta requested back up to transport the arrested individual to the Mayaguez Highway Patrol in Mayaguez. Officer Johnny Ramos-Silva arrived on the scene to take custody of the driver for transport. When Officer

Ramos-Silva took custody of the driver, the driver indicated to Officer Ramos-Silva that he had an illegal firearm under the seat of the vehicle. The driver additionally stated that the firearm was not loaded. Officer Ramos-Silva advised Officer Albino-Acosta that the driver stated there was a firearm under the seat of the vehicle. Officer Albino-Acosta sealed the vehicle and the vehicle was towed by the PRPB tow truck to the Mayaguez Highway Patrol division in Mayaguez, Puerto Rico.

7. Once at the Mayaguez Highway Patrol the driver was identified to be Jose Medina Padilla. Additionally, Jose Medina Padilla was a convicted felon charged with conspiracy to possess with the intent to distribute narcotics in 2001. Jose Medina Padilla was sentenced to 18 months in jail and 3 years' probation.

8. On that day, January 30, 2025, the Mayaguez Municipal Court judge Jessica Rodriguez-Maldonado issued a search and seizure warrant for a 2003 burgundy Mitsubishi Outlander bearing Puerto Rico license plate number HXX-340 with VIN JA4LX31G03U042603. Pursuant to the authorized search and seizure warrant officers searched the vehicle and seized the following:

9. 4 apparent marihuana cigarettes

10. 2 transparent plastic bags containing apparent marihuana.

11. 1 9mm Glock pistol model 43X with serial number BRHK134

12. 1 extended magazine with 16 9mm rounds.

13. 1 box of 12 45mm rounds.

14. Field tests were conducted by PRPB Officer Radames Miranda-Perez on samples of the cigarettes and the plastic bags described above. The field tests confirmed the presence of marihuana. The items were collected and packaged then later entered into PRPB evidence.

15. On that day, January 30, 2025, FBI Task Force Officer Luis Berrocales-Flores and I conducted an interview with Jose Medina Padilla and advised Medina Padilla of our identities and the nature of the interview. Miranda warnings were read to Jose Medina Padilla. During the interview, Jose Medina Padilla stated the following in sum and substance:

16. Jose Medina Padilla was on his way to work in a cafeteria located in the Mayaguez Medical Emporium when he was detained by the Puerto Rico Police for driving with an expired registration sticker.

17. During the traffic stop, the officers asked Jose Medina Padilla if he was smoking marihuana and Medina Padilla told the officers that he was and handed the officers the marihuana cigarette. Additionally, the officers noticed that Jose Medina Padilla had more marihuana in the vehicle and was arrested.

18. Jose Medina Padilla was placed in a marked vehicle. Once in the marked vehicle, after the officer read him his Miranda warnings, Medina Padilla told the officer that he had a firearm in the vehicle. Jose Medina Padilla wanted to sell the firearm. Jose Medina Padilla purchased the firearm for $700.00 approximately 2 years ago from a friend of his because someone threatened him and his son's life.

19. Jose Medina Padilla was arrested around 25 years ago, because he was dealing in narcotics in the streets.

20. Jose Medina Padilla was convicted of a crime subject to a term of imprisonment exceeding one year. In addition the weapon and ammunition found in the vehicle are not manufactured in Puerto Rico, so they necessarily traveled in the interstate and foreign commerce.

## CONCLUSION

21. Based on the aforementioned facts, I believe that there is probable cause to believe that **Jose Medina Padilla** knowingly violated Title 18 USC 922(g)(1), I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
William Borgos FBI TFO

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 1:14 PM in San Juan, Puerto Rico, on January 31, 2025.

_____
Hon. Hector Ramos Vega
United States Magistrate Judge